UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA CAROLINA RUIZ SALAZAR,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | Case No.  1:26-cv-01767-DC-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 7, 12) |

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

On April 13, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 12.) On April 17, 2026, Respondents filed objections to the findings and recommendations, merely stating that they object, "[f]or the reasons set forth in Respondents' previous briefing." (ECF No. 13). However, those arguments were addressed and rejected by the magistrate judge and by the undersigned in this case and in other cases. (*See* ECF Nos. 10, 12.) Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who

1

has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.      The findings and recommendations filed April 13, 2026 (ECF No. 12), are ADOPTED;

2.      Petitioner Gabriela Carolina Ruiz Salazar's petition for a writ of habeas corpus (ECF No. 1) is GRANTED;

3.      The preliminary injunctive relief previously granted (ECF No. 10) is permanent;

4.      Respondents' motion to dismiss (ECF No. 7) is DENIED as moot;

5.      This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, and Petitioner receives notice of that final order of removal; and

/////

/////

6. The Clerk of the Court is ordered to enter judgment accordingly and close this case.

IT IS SO ORDERED.

Dated:    **July 23, 2026**

_____

Dena Coggins
United States District Judge

3